IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

APRIL J. PAPEN,                                  Civ. No. 06-1663-HO

        Plaintiff,                       ORDER

v.

Commissioner of Social Security,

        Defendant.

Plaintiff filed this action for review of the decision of the Commissioner denying her application for disability insurance benefits and supplemental security income payments. Plaintiff contends that the administrative law judge (ALJ) erred by inadequately considering whether the severity of her impairments individually or in combination meets or equals one of the impairments listed in appendix 1 of 20 C.F.R., Pt. 404, Subpt. P. Plaintiff further contends that the ALJ erred by omitting her limited ability to walk from his assessment of her residual functional capacity (RFC), and by providing less than clear and convincing reasons to reject or ignore her allegations of

disabling pain. For the reasons discussed below, the decision of the Commissioner is based on substantial evidence and did not result from legal error. Accordingly, the decision is affirmed.

## Discussion

Plaintiff argues that the ALJ failed to discuss Dr. Harris's opinions before determining that plaintiff's impairments are not medically equivalent to Listing 1.02 of the listings due to inability to ambulate effectively, and that Dr. Harris's opinion establishes "medical equivalence." Dr. Harris opined that plaintiff walks with a cane, has a slow and wide-based gait with toes splayed outward, has 75% inversion of the right ankle compared to the left and 2+ pitting edema at both ankles, and should never climb "ramps/stairs/ladder/rope/scaffold." (Tr. 299-300, 303). The ALJ addressed and accepted Dr. Harris's opinions. (Tr. 272-73). Dr. Harris's opinions do not amount to a determination that plaintiff cannot ambulate effectively due to inabilities to walk a block at a reasonable pace on rough or uneven surfaces or to climb a few steps at a reasonable pace with a single hand rail, as required to equal Listing 1.02. See 20 C.F.R. § Pt. 404, Subpt. P, App. 1, §§ 1.00B2b, 102A. There is no requirement that discussion of Dr. Harris's opinion in the ALJ's written decision must precede the "step 3" determination of medical equivalency or non-equivalency.

In finding plaintiff's impairments not equivalent to a

2 - ORDER

listed impairment, the ALJ considered complications of plaintiff's obesity in addition to her ankle and foot problems. (Tr. 269). The result could not have been different had the ALJ considered obesity separately, as plaintiff advocates.

In the written decision, the ALJ found plaintiff's ability to sit and stand limited to two hours in an eight-hour workday, and failed to assess plaintiff's ability to walk. (Tr. 275). As the Commissioner contends, this finding must be a typographical error. The ALJ expressly found plaintiff's limitations consistent with sedentary exertional activities, and that plaintiff "has a mixed [RFC] for sedentary and light exertional activities." Id. He further expressly found plaintiff's RFC to be consistent with the reports of two consultative examiners. Id. Dr. Harris found that plaintiff can stand and/or walk for two hours of an eight-hour workday and that sitting is unaffected by plaintiff's impairment. (Tr. 302-03). Dr. Westfall found that plaintiff can stand and/or walk for about six hours of an eight-hour workday and sit for about six hours of an eight-hour workday. (Tr. 166). The ALJ included the ability to walk or stand for two hours in a workday in his hypothetical question to the vocational expert (VE). (Tr. 378). The ALJ's failure to expressly include an assessment of plaintiff's ability to walk in the written decision is harmless.

The ALJ stated clear and convincing reasons to reject

3 - ORDER

plaintiff's allegations of disability. Plaintiff argues that the ALJ created a "strawman" by writing that her allegation that she is incapable of any activity is contradicted by her reports to physicians regarding her activities. (Tr. 273). The Commissioner cites to no evidence that plaintiff made this allegation. However, the ALJ specifically identified hearing testimony that is inconsistent with particular statements plaintiff made to physicians regarding her activities, physician's observations and plaintiff's demonstrated ability to concentrate. (Tr. 273-74). Plaintiff testified that she can walk only a few steps. (Tr. 18-19). For example, plaintiff told Dr. Woods that she shops for groceries and uses public transportation. (Tr. 141). She told Dr. Braseth that she can walk from the car in the parking lot to the store, walk around the grocery store, and otherwise not walk more than a street block. (Tr. 141-42).

The ALJ also properly considered, <u>inter alia</u>, that plaintiff's statements of limitations regarding the use of her hands is contradicted by Dr. Harris's report, plaintiff failed to follow medical advice to exercise, plaintiff's allegedly disabling impairments are treated with only Advil and an albuterol inhaler, and plaintiff has not seen her primary care provider in more than a year. (Tr. 274). On the last points, the ALJ also considered plaintiff's explanation that she lacks

4 - ORDER

medical insurance and cannot afford treatments.

Plaintiff faults the ALJ for his finding that she, like all applicants for benefits, may be motivated by "secondary gain." Plaintiff's receipt of unemployment benefits is not demonstrably inconsistent with her claim of disability under the Social Security Act, and eligibility for supplemental security income benefits may hinge on application for unemployment benefits. See 20 C.F.R. § 416.210. However, the ALJ permissibly considered that plaintiff stopped working due to a layoff and claims disability based on conditions that existed before she stopped working. (Tr. 48, 87, 105, 266, 274).

The ALJ did not have to fully credit plaintiff's allegations of disabling pain.

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED this 27th day of June, 2008.

*/s/ Michael R. Hogan*
United States District Judge

5 - ORDER